UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN FARHOOD,

    Plaintiff,                              Case No: 10-13877-AC-MKM

v.                                                Hon. Avern Cohn

BED BATH & BEYOND, INC.,

    Defendant.

---

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I.      Introduction

This is a personal injury case. Plaintiff Brian Farhood, 43 years old, is suing Bed Bath and Beyond (hereinafter BB&B), Inc. for negligence arising out of a slip and fall in the aisle of one of its stores.

Before the Court is the Defendant's Motion for Summary Judgment.[2] For the reasons that follow, the motion is DENIED.

II.      Background

The material facts are as follows: Plaintiff was shopping at BB&B in Troy, Michigan on July 31, 2007 with his mother. Plaintiff slipped on a puddle in one of the aisles of the store and injured his knee, head, and back resulting in two knee surgeries. Defendant

---

[2] Defendant styles the motion as a "Motion to Dismiss."

suggests in its brief that the cause of some of these injuries was a prior car accident. Defendant does not dispute, however, that Plaintiff slipped on a puddle in its store.

Plaintiff says that the puddle was located around a blind corner of an aisle and that the puddle was "invisible" as it blended in with the flooring. He slipped as he turned the corner. After the fall, he was able to walk to where his mother was standing. He reported the accident to an employee. The employee then summoned a manager to take a report. Plaintiff reports that the manager said that he knew of the spill and it should have been cleaned up already. The manager also admitted that the water came from a broken item. The parties dispute centers on whether the puddle was an open and obvious danger and if not whether the Defendant had or should have had knowledge of the dangerous condition.

### III. Analysis

#### A. Summary Judgment

Summary judgment should be granted when the moving party establishes that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Hedrick v. Western Reserve Care Sys., 355 F.3d 444, 451 (6th Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." Hedrick, 355 F.3d at 451-52 (citing Anderson, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. See

Sutherland v. Michigan Dep't of Treasury, 344 F.3d 603, 613 (6th Cir. 2003); Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir.2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." Hedrick, 355 F.3d at 451 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).  To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact.  Rather, "the burden on the moving party may be discharged by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the non-moving party's case." Celotex Corp., 477 U.S. at 325.  "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.' " Wrench LLC v. Taco Bell Corp., 256 F.3d 446, 453 (6th Cir. 2001) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)); Fed. R. Civ. P. 56(e).  The nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact.  Anderson, 477 U.S. 242, 252.  Thus, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion.  See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50.

3

B.  Negligence[5]

To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the Defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages.  Case v. Consumers Power Co, 463 Mich. 1, 6 (2000).  "The duty that a possessor of land owes to another person who is on the land depends on the latter person's status."  Hampton v. Waste Mgmt of Michigan, Inc., 236 Mich. App 598, 603 (1999). Particularly, "[a] premises owner has a duty to warn invitees only of known dangers, or dangers that should have been known through the exercise of reasonable care, which the premises owner understands or should have understood would pose an unreasonable risk."  Id. (citing Bertrand v. Alan Ford, Inc., 449 Mich. 606, 609 (1995)).

Here, Plaintiff was an invitee because he was a customer in Defendant's store.  "In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land."  Lugo v. Ameritech Corp, 464 Mich. 512, 516; 629 NW2d 384 (2001).  An unreasonable risk of harm is one "caused by a dangerous condition of the land that the landowner knows or should know the invitees will not discover, realize or protect themselves against."  Bertrand v. Alan Ford, Inc., 449 Mich. 606, 609 (1995) (citing Williams v. Cunningham Drug Stores, Inc., 429 Mich. 495, 499 (1988)).  A puddle of water on a store floor is a dangerous condition. *See e.g.* Anderson v. Merkel, (1975)

---

[5]Because the basis for the Court's jurisdiction is diversity, the Court must apply the substantive law of Michigan as interpreted by the Michigan Supreme Court.  Reid v. Volkswagen of America, Inc., 575 F.2d 1175, 1176 (6th Cir. 1978).

393 Mich 603, 227 NW2d 554.  Whether the puddle was a dangerous condition is not in dispute.  Defendant does assert, however, that the danger was open and obvious.

### C.  Open and Obvious

The duty of reasonable care does not extend to dangerous conditions that are open and obvious.  Lugo, 464 Mich. at 516.  An open and obvious condition is one that an average person of ordinary intelligence would be able to discover upon casual inspection.  Kennedy v. Great Atlantic & Pacific Tea Co., 274 Mich. App. 710, 713 (2007).  Thus, it is an objective test unrelated to the actual perceptions of a particular plaintiff.  Id.

Defendant says that the puddle was an open and obvious risk and therefore it is not liable for the Plaintiff's damages. *See* Lugo, 464 Mich. at 516.  Lugo holds that where the dangerous condition is open and obvious the landowner has no duty to protect the invitee.  Here, the puddle cannot be open and obvious as a matter of law despite Defendant's assertion to the contrary.  Defendant cites an unpublished Michigan Court of Appeals case, Michalak v. Atlas Coney Island Restaurant, Inc., Case No. 243224 (Mich. Ct. App. 4/27/04), for the proposition "that an object in an aisle not seen by plaintiff until plaintiff turns a corner into the aisle is open and obvious as a matter of law." Defendant would like this Court to infer than in all cases a hazard around the corner of an aisle is open and obvious. Michalak does not say this but rather, finds that an average person paying attention would have seen the highchair that Michalak tripped over in the restaurant.  Michigan courts have not held that a puddle is always, as a matter of law, open and obvious.  For example, in Williams v. Frankenmuth Bavarian

5

Inn, Inc., No 283898, 2008 WL 4891414 at *1 (Mich. App. Nov. 13, 2008) the court found that a puddle was not open and obvious because it was small and nearly invisible. When applying the objective test referenced in Kennedy, *supra*, courts often, but not always, find that puddles are open and obvious.  It is a question of fact.

Another judge in this district made a similar assertion[6] to the interpretation advanced by the Defendant in Matteson v. Northwest Airlines, Inc., No. 10-10541, 2011 WL 1575320, ftn. *4 at n. 4 (E.D. Mich. April 26, 2011). Matteson, explained that Michigan courts interpret a puddle in a store as open and obvious as a matter of law.  The case cited to support this conclusion, Hickey v. Alder's Foodtown, Inc., No. 236063, 2003 WL 1689620 (Mich. App. March 27, 2003) applies the objective test outlined in Kennedy, *supra*. In Hickey, the plaintiff slipped on a five foot puddle in a store aisle guarded by a warning sign and bucket, created by a leaking roof.  In Matteson, three witnesses testified the puddle was easily visible. The plaintiff also testified that she would have seen the puddle if she looked down. Matteson, *supra* at *3. There is no such indication in this case.  There is, of course, a spectrum. On one end the large puddle created by a roof leak, accompanied by a warning sign and bucket is open and obvious.  On the other end the small invisible puddle described in Williams is not open and obvious.  The determination relies on whether an average person of ordinary intelligence would be able to discover it upon casual inspection. Kennedy, 274 Mich. App. at 713. It is as of yet unclear where this puddle falls on that spectrum.

---

[6] "In multiple unpublished opinions, Michigan courts have readily concluded that a puddle or accumulation of [a clear substance such as] **water** is an **open** and **obvious** condition which does not give rise to **premises liability**." Matteson, 2011 WL 1575320 at 4.

6

Whether or not an average person would be able to discover the puddle with a casual inspection requires evaluation of the circumstances and surroundings of the hazard. That requirement presents a problem as the record is starved for facts. Plaintiff describes the puddle as "invisible." There is nothing in the record to contradict Plaintiff's description. When the facts are viewed in a light favorable to Plaintiff the puddle was not visible to an average person upon casual inspection. As such, Defendant is not entitled to summary judgment. Nevertheless, Defendant maintains it should still prevail in its motion because it had no notice of the dangerous condition.

### D.  Notice to Defendant of Dangerous Condition

#### 1.

The second requirement Plaintiff must demonstrate is that Defendant had or should have had notice of the puddle. The Court determines whether a premises owner should have known of an unreasonable risk by evaluating whether the condition "is of such a character or has existed a sufficient length of time" that the owner should have been alerted.  Serinto v. Borman Food Stores, 380 Mich. 637, 640 (1968) (see also Barnes v. Kmart, Corp., No. 07-14414, 2008 WL 5422824, at *4 (E.D. Mich. Dec. 30, 2008).  The plaintiff must offer some evidence to demonstrate notice or the Defendant is entitled to summary judgment.  For example in Barns, the plaintiff slipped on a small puddle of water in a store.  He could not prove or offer any evidence that the Defendant had or should have had notice- especially given the fact that the puddle was small and difficult to see. Here, Plaintiff states that the store manager admitted he knew of the puddle before his fall. Defendant has offered nothing to contradict this account.

7

Plaintiff says the store manager admitted knowledge of the hazard when he told him the spill should have been cleaned up already. Defendant infers that this cannot be true because the manager did not know the exact location of the spill (it explains that Plaintiff had to show him where he fell). This argument is unpersuasive; the record, as it stands, reflects that the manager knew about the spill. In its brief, Defendant challenges Plaintiff's credibility by pointing to inconsistencies in his description of the accident. If the Defendant disputes his credibility summary judgment is inappropriate as credibility is weighed by the trier of fact.

2.

Finally, the truth of the manager's statement regarding his prior knowledge of the puddle does not appear to be in serious dispute.[8] Rather, Defendant asserts it is inadmissible as hearsay and because it is inadmissible Plaintiff cannot demonstrate Defendant had notice of the condition. The statement is admissible under FRE 801(d)(2) which provides that an admission by a party- opponent (in an individual or representative capacity) is not hearsay. The rule reads:

> **A statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship. (defining non-hearsay under the Federal Rules) FRE 801(D)(2)(d).**

The maintenance of safe conditions within a store is within the scope of employment of a store or shift manager thus the statement is not hearsay.

---

[8] Defendant questions Plaintiff's description of the event calling it unreliable because of variations in his telling of the sequence of events. Defendant does not assert, however, that its manager did not know of the puddle.

8

IV. Conclusion

When viewed in a light most favorable to Plaintiff the facts show that there was a dangerous hazard in the store, the store manager had actual knowledge of the dangerous condition, and the Plaintiff suffered serious injuries from the fall. This makes summary judgment for the Defendant inappropriate.

SO ORDERED.

Dated: September 02, 2011      s/Avern Cohn
　　　　　　　　　　　　　　　　AVERN COHN
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 2, 2011 by electronic and/or ordinary mail.

　　　　　　　　　　　　　　　　 s/Julie Owens
　　　　　　　　　　　　　　　　Case Manager, (313) 234-5160